**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1648-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HELEN D. FORD,

     Defendant-Appellant.

_____

Argued May 12, 2026 – Decided July 17, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 24-12.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Matthew W. Reisig, on the brief).

Emily M. M. Pirro, Assistant Prosecutor, argued the cause for respondent (John P. McDonald, Somerset County Prosecutor, attorney; Alyssa N. Biamonte, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Helen D. Ford appeals her conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50 and failure to maintain lane, N.J.S.A. 39:4-88. She argues:

> THE PROCEDURAL MORASS OF DEFENDANT'S DWI TRIAL RESULTED IN A SUBSTANTIAL DEPRIVATION OF HER CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

We disagree and affirm.

We first address defendant's argument that the municipal court's hearing of her trial counsel's ad hoc unfiled motion to suppress the State's evidence—arguing there was no probable cause to stop defendant's car—violated the procedural safeguards set forth in State v. Gibson, 219 N.J. 227 (2014). She maintains there was "'limited cross[-]examination' provided to predecessor [d]efense counsel"; "the unfiled [m]otion started after her trial had already commenced"; "[t]here was no discussion regarding whether the testimonial evidence derived from the ad hoc[] unfiled [m]otion would be incorporated . . . into the trial itself in the event it was denied"; and "there was no mention of whether the [d]efense could present its own case-in-chief during" the motion. Defendant also argues that the Law Division did not address her arguments regarding these procedural missteps.

A-1648-24

We agree with defendant that the Law Division's oral decision made no mention of her motion to suppress procedural arguments. Normally, when the court fails to set forth, in a meaningful fashion, factual findings and conclusions of law as required by Rule 1:7-4, our review is impeded, and a remand is necessary. See Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015); However, to avoid unnecessary litigation delay, we choose not to remand because the record provided allows us to determine whether there were procedural errors during the motion to suppress. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018) (citing Leeds v. Chase Manhattan Bank, N.A., 331 N.J. Super. 416, 420-21 (App. Div. 2000) (affirming the grant of summary judgment even though order merely stated "denied")).

The State concedes, and we agree, that the municipal court did not require defendant's trial counsel to follow the proper procedure to file a motion to suppress prior to the trial. However, the court allowed trial counsel to pursue his motion by challenging New Jersey State Trooper Pawel Marchut's probable cause to stop her car and question her based upon the anonymous 911 call to dispatch. We further agree with State that there is no showing that the municipal court's conduct of the motion hearing violated defendant's due process rights.

3

Marchut testified that dispatch informed him that an anonymous caller reported "a black Cadillac" with a blonde female driver had "hit the divider and continued going westbound." After observing a car and driver fitting that description, he saw the car commit a motor vehicle violation by "touching the dashed lane between the middle and then the right lane," and stopped the car to "see if . . . [defendant] [wa]s okay."[1] While being questioned, defendant informed Marchut that she drank two glasses of wine in a Jersey City restaurant. Marchut had defendant complete various field sobriety tests, which were recorded by his body camera. He observed that her eyes were "bloodshot and watery" and that he got "four hits out of the . . . six hits in the [Horizontal Gaze Nystagmus] test." Marchut explained that "four hits means that there's an [eighty] percent chance that the person['s] [blood alcohol concentration (BAC)] . . . is over .08 legal limit." Marchut drove defendant to the police station. He testified that, while in route, he smelled alcohol and believed "it was out of [defendant's] breath." In addition, based on his observations, his conversation with defendant, and her field sobriety test results, Marchut believed defendant was driving under the influence of alcohol.

---

[1] Marchut activated his body worn camera after he stopped defendant and therefore does not show defendant's driving behavior or capture the observed motor vehicle violation

On cross-examination, Marchut acknowledged that defendant may not have hit the divider because her car was not damaged. However, he stated that he pulled her over because she and her car matched dispatch's communication.

The municipal court rejected defendant's argument that Marchut did not have probable cause to stop her car, finding that although defendant's car was not damaged, defendant fit the 911 caller's description of a blonde female driving a Black SUV which hit a road divider. The court determined that Marchut's observation of defendant's motor vehicle offense—touching the center lane line—constituted an independent probable cause to stop defendant's car. The court ruled that the anonymous 911 caller's report was a sufficient basis for reasonable suspicion to stop defendant's car in accordance with State v. Golotta, 178 N.J. 205, 209 (2003), and that Marchut's stop was also permissible under the community caretaking exception.

In Gibson, our Supreme Court held that a municipal court may not use evidence from a pre-trial hearing in a subsequent trial, absent consent by both parties. 219 N.J. at 232. The Court reasoned that since a motion to suppress and a DWI trial involve different standards of proof, incorporation of the motion hearing record into the trial record, absent the parties' consent and without allowing defendant's counsel to conduct further cross-examination of the

arresting officer, violated defendant's right to confront the witnesses against him. Id. at 235, 242, 245.

The record here confirms that the municipal court conducted the motion to suppress hearing before the start of trial. R. 7:5-2. Consistent with Gibson, at the hearing's conclusion, defendant's trial counsel consented to the court "adopt[ing] [the motion to suppress hearing] testimony as part of the overall trial." The court also allowed defendant's trial counsel to cross-examine the State's witness, Marchut, at the suppression hearing (the only one) and at trial. Moreover, even though the court did not ask defendant's trial counsel whether he wanted to present a case-in-chief during the suppression hearing, the record shows that trial counsel made a brief summation before the court issued its oral decision. Thus, the municipal court did not deny defendant due process by incorporating Marchut's suppression testimony into the trial.

We next address defendant's argument that the State never informed the municipal court that it was "abandoning the per se prosecution" for DWI in favor of an observation strategy. The record belies the argument.

As the Law Division noted, the State made clear during trial that it was pivoting to prove the DWI offense based on defendant's appearance, alcoholic breath, and performance of field sobriety tests because it could not establish that

6

A-1648-24

the mandatory twenty-minute observation period was conducted before the administration of the breathalyzer test per State v. Chun, 194 N.J. 54, 79 (2008). Further, the State informed the municipal court that it would not introduce a BAC reading into evidence, leading to the testimony of State Trooper Ryan Martin regarding his observations of defendant performing the field sobriety tests. See State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) ("Our review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court."). The record indicates that defense counsel was aware of this shift in strategy, as he decided not to call his BAC expert witness to challenge the State's BAC testimony.

Finally, we address defendant's argument that the municipal court deprived her of a fair trial by failing to advise her of her right to testify. Our case law says otherwise.

As the Law Division correctly noted, this court held in State v. Bogus that "[i]t is the responsibility of a defendant's counsel, not the trial court, to advise defendant on whether or not to testify" and explained that to hold otherwise "may inappropriately involve the trial court in the unique attorney-client relationship" and implicate Sixth Amendment concerns. 223 N.J. Super. 409,

423-24 (App. Div. 1988); see also State v. Savage, 120 N.J. 594, 630 (1990) (holding that "when a defendant is represented by counsel, the trial court is not required to inform defendant of his right to testify or explain the consequences of that choice"). Additionally, defendant's argument that his counsel was ineffective in failing to advise her of the right to testify is best reserved for a PCR petition. See State v. Preciose, 129 N.J. 451, 460 (1992). Therefore, the Law Division properly dismissed defendant's argument that the municipal court had a duty to advise her of the right to testify.

To the extent we have not addressed any of defendant's arguments, it is because we have determined they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1648-24